FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO.

AUG 1 1 2011

MATTHEW J. DYKMAN
CLERK

VINCENT P. JIMENEZ,

Plaintiff,

No. CV 11-cv-707-DJS

v.

OFFICER JEFFERY STONE, OFFICER KEVIN TODACHEENIE, OFFICER SARGENT LUNA, THE CITY OF ALBUQUERQUE, THE CITY OF ALBUQUERQUE POLICE DEPARTMENT, METROPOLITAN DETENTION CENTER, CAPTAIN CANDELARIA, JUDGE RAMCZYK AND JOHN DOES 1-9,

Defendants.

## COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES AND CIVIL RIGHTS VIOLATIONS

Plaintiff, Vincent Jimenez, Pro Se, brings this complaint under 42U.S.C. Section 1983 and under the New Mexico Constitution and the New Mexico Tort Claims Act for damages resulting from the Deprivation of Civil Rights and torts inflicted upon him by Defendants. .Plaintiff alleges as follows:

### PARTIES JURSIDICTION AND VENUE

1. At all times material hereto, Plaintiff Jimenez was a resident of Bernalillo County, New Mexico.

2.. The facts, events and circumstances giving rise to the causes of action alleged herein occurred entirely within Bernalillo County, New Mexico.

3. Defendants Stone and Todacheenie were at the time of the events herein a full

time salaried law enforcement officers employed by Defendants, the City of Albuquerque and the City of Albuquerque Police Department.

4. Defendants Stone, Todacheenie, and the Spanish Police Officer were law enforcement officer and public employees as those terms are defined in Section 41-4-3 of the New Mexico Tort Claims Act and at all times referenced herein, was acting within the course and scope of his duties with the other Defendants.

5. Defendants, City of Albuquerque and the City of Albuquerque's Police Department are governmental entities and public bodies as those terms are defined in Section 41-43 of the New Mexico Tort Claims Act.

6. Defendants John Does 1-9 are other unknown officers or employees of the Defendants City of Albuquerque and Albuquerque's Police Department or Employees of the Metropolitan Detention Center, who played any part in the events herein. Plaintiff will seek to amend his complaint a second time after discovery is obtained to properly reflect the appropriate parties herein. Initial disclosures at the filing of this complaint had not been provided by the Defendants, so that the proper parties or the facts could not be ascertained. At all times material hereto Defendants, City of Albuquerque and the City of Albuquerque's Police Department were the employers of and had supervisory responsibility over defendants, Stone, Todacheenie and the Spanish Police Officer.

7. This court has jurisdiction over Plaintiff's claims.

8. Venue is properly laid in this Court because Plaintiff resides in New Mexico and because all of the material acts and/or omissions complained of herein occurred in Bernalillo County, New Mexico and because this complaint is brought under 42 U.S.C. Section 1983, the New Mexico Constitution and under the New Mexico Tort Claims Act.

## FACTUAL ALLEGATIONS.

9. On August 12, 2009 Plaintiff, Vince Jimenez was at Michael Garcia's front yard located at 1128 Maxine N. E. Officer Stone approached the residence and parked his vehicle on the wrong side of the street and approached Plaintiff Vincent Jimenez and Michael Garcia. Officer Stone wanted to know who owned the boats that were located across the street at 1131 Maxine N.E., where Plaintiff Vincent Jimenez was residing. Officer Stone asked if the boats were for sale and Plaintiff informed him that he wasn't selling them. Officer Stone then stated that he had received a complaint from a neighbor that the night before, a vehicle matching Plaintiff Jimenez's vehicle description was driving erratically around the neighborhood. I informed Officer Stone that my vehicle, located in the drive way of 1131 Maxine St. N.E. was not the vehicle in question and that Walter Flores had driven us to the Albertson's for groceries the night before. And that there were 4 Isuzu Rodeos of the same color, in the neighborhood. Officer Stone then stated that the Plaintiff Vincent Jimenez could be arrested for last night's fiasco. Plaintiff Vincent Jimenez informed Officer Stone that he had "No Probable Cause" to arrest Vince Jimenez and that Plaintiff "had worked for the Public Defender's office" He also stated to Officer Stone that he was on Private Property and to leave the premises or Plaintiff would call the real police, "the State Police" and have Officer Stone physically removed from the property. As Plaintiff Vince Jimenez, went to get his cell phone to call the State Police, Officer Stone grabbed Plaintiff's shoulder and tried to handcuff the Plaintiff,   After the Plaintiff was handcuffed, Officer Stone took out his club and proceeded to hit the Plaintiff across the back numerous times. When the Plaintiff Vincent

Jimenez informed Officer Stone that he probably lost his job for being stupid. .Officer Stone then hit Plaintiff across the mouth. busting his lips and loosing plaintiff's front teeth.   Plaintiff Vince Jimenez's friend Michael Garcia seeing the altercation, ran inside his house and locked his doors.   Michael Garcia would peek out the windows to view the altercation.   Officer Stone became enrage, and proceeded to beat the face and back of the Plaintiff's head.  Blow after blow, the Plaintiff would stand back up and berate the Officer's professional conduct.  As Plaintiff was being beaten and dragged around the driveway, two other officers approached and got into the altercation.   As the older Spanish Officer saw that the Plaintiff was not resisting, he broke up the fight.  The Officers left the Plaintiff in a blacked out state, lying in his blood, on the driveway, bleeding from his nose and mouth, with a double fractured nose and two severe black eyes that later swelled shut.  The Officers went to the bottom of the driveway to discuss the altercation.  As the Spanish Officer asked Officer Stone why he was beating the Plaintiff.  Officer Stone responded that the Plaintiff had a big mouth.   The Spanish Officer and Officer Todacheenie started yelling at Officer Stone and told him to leave. Officer Stone got in his car which was parked on the wrong side of the street and peeled out as he drove away.   The Spanish Officer informed Plaintiff Jimenez that the handcuffs could not be taken off because the Plaintiff was under arrest.   The Officers didn't know what to charge the Plaintiff with.  The Officers asked the Plaintiff which vehicle was his and said that he was to be arrested for DWI, Defective Equipment, and Suspended or Revoked Driver License.  The Officers waited for the towing truck to arrive to tow the vehicle from the driveway across the street from the altercation.  The Plaintiff had to provide the keys to the vehicle because it was locked, or the police officers were going to

break the window.

The defective equipment criminal charge was because Plaintiff's windshield had a crack in it. The Plaintiff was taken to the Alvarado Police Substation. The Police Officers tried to administer Field Sobriety Tests to the Plaintiff but the Plaintiff was suffering from severe headaches. After the Police Officer in charge of the substation spoke with the other officers at the Substation, an African American EMT Police Officer approached the Plaintiff and informed him that he would loose his teeth if he didn't gargle with this antiseptic. The Plaintiff asked the officer if it contained Alcohol and the Officer said "No" After the Plaintiff gargled, the African American EMT Police officer ordered Plaintiff to the breath analyzer to take the breath test. The Plaintiff Jimenez asked the police officer to wait the required 20 minutes before administering the test. The Officer informed the Plaintiff that the beating would continue if the Plaintiff didn't cooperate. The Plaintiff was under the pretext that since he didn't swallow the antiseptic, it wouldn't register. It registered a .34 on the first test and the tube filled with blood on the second test, so they wrote that the Plaintiff refused. Around an hour and a half later, the Plaintiff was taken to Metropolitan Detention Center for booking. During this process the Plaintiff asked the P.S.U. Department to take another breath analyzer exam. The medical team had placed gauze in the Plaintiff's mouth as not to break the breath machine.. On the first test the Plaintiff blew a .00 on the second test the Plaintiff again blew a .00. The Plaintiff has this evidence wherein the PSU tech states the no BAC was found. The Spanish Officer told Officer Todacheenie that he did not want to be part of this arrest, even though he was the one that told Officer Todacheenie to arrest Plaintiff Jimenez for DWI, Revoked Drivers License and Defective Equipment.

icloe

. The Plaintiff was charged with DWI 4th and his vehicle was seized and sold at auction. Plaintiff informed Sergeant Luna, that the District Attorney's office had screwed up and that he had only one deferred DWI. Plaintiff has the evidence that all prior DWI charges were dismissed. After 12 days in jail the case was Nolle Prosequied and the Plaintiff was released. When the Plaintiff went home, he discovered that the boats that officer Stone had inquired about were stolen

After 6 months had passed the case was refiled. According to Judge Nakamura., the six month rule applies to felony charges and since Plaintiff wasn't indicted, the time limit didn't apply. Plaintiff never received notice that the case had been moved to metropolitan court. On August 13, 2010, Plaintiff went to District court to see if the case was dismissed, and nothing was found, so defendant went to Metropolitan Court to see if he could find the case. As he spoke with the clerk and showed his ID, he was arrested. There was Criminal reduction charges filed in Metropolitan Court on March 9th 2010 and a hearing on March 18, 2010 (189)days after the initial arrest. Plaintiff Jimenez missed the hearing and a warrant for Plaintiff Jimenez was issued. The Bond that Judge Nakamura had set was $10,000 cash/ surety, which was quite high.

On August 14, 2010, Plaintiff Jimenez was arraigned in front of Judge Ramczyk. The Judge informed Plaintiff Jimenez of the Charges being DWI 1st, Suspended or Revoked Driver's License and No headlights. As Judge Ramczyk read the allegations pertaining to this complaint, he said it stated that you were driving in the middle of the night, with no headlights, and you crashed in Officer Stone's vehicle. This complaint was written by Officer Todacheenie because Judge Ramczyk placed it to the monitor so Plaintiff Jimenez could see the signature. Plaintiff Jimenez explained to Judge Ramczyk

charge should be DW! 1st and enough evidence to have the case dismissed, If Judge Nakamura could set a hearing date. .

At the time of the false arrest by officer Stone on August 12, 2010, Plaintiff had a pending DWI arrest in Santa Fe, this case was dismissed

Defendant Stone Actions resulted in injuries to Plaintiff's eyesight, brain hematoma, two fractures in his nose and and severe headaches that cause Plaintiff's nose to bleed. Plaintiff has suffered dehabilating injures because of the actions of Defendant Stone. Plaintiff has become disabled and is unable to work. Plaintiff has been released to work 20 hrs a week on a temporary basis. The problem is that the employers do not want a person that suffers from severe headaches and stutter speech working for them but this doesn't happen everyday. Plaintiff Jimenez was a flooring contractor but is unable to lift heavy objects because physical exertion causes severe headaches. Plaintiff has suffered income losses, property losses, the people that were living with Plaintiff embezzled all my tools, furniture, boats, when I was incarcerated. I have a friend that says David Chavez and Coonie were the main characters in the robberies. He said he saw them towing my boats off the front lawn. David Chavez is the main witness for the State's Case.

10. Plaintiff Jimenez, suffers from severe headaches, PTSD, and now has Stage 1 Bi-Polar Syndrome following the beating. The Plaintiff is now attending Competency Evaluation and Hearing to see if he is competent to stand trial. The Plaintiff has severe Headaches and stutters when he speaks but not everyday.. .

11. Plaintiff Jimenez, never resisted arrests, threatened to harm or harmed the Officers.

that Plaintiff Jimenez wasn't driving, he was across the street and that Officer Stone had beaten him up. The original complaint stated that Plaintiff Jimenez had defective equipment, DWI 4th and Revoked or Suspended Driver License.

This complaint had Plaintiff Jimenez, on DWI 1st, headlights required, and Suspended Driver License. Judge Ramczyk dismissed the No Headlights charge. I informed Judge Ramczyk, Police Officer Todacheenie had sworn to the events of his complaint and that a Judge couldn't change the complaint. The Paper work of the Arraignment, or first hearing, has judge Ramczyk dismissing the No Headlight Charge, which the Plaintiff has.

Plaintiff was in jail for 10 days this time. As Plaintiff was released he went to the court house to retrieve the second complaint. The Plaintiff was astonished to find the Second Complaint was not in the file, but a copy similar to the original was in the Court File. Plaintiff ordered the tape recording of the Bond Arraignment [or Initial Appearance}. This Tape was also tampered with, the part where Judge Ramczyk saying the allegations state that you were driving in the middle of the night, with no headlights has been stepped on with huh, huh, and the part stating that you crashed in officer Stone's vehicle is still apparent in the tape. Under 7-303 U. S C. the Judge can change or dismiss the complaint but protocol must be adhered to, the original complaint must be kept in the file and the right of the Defendant are not prejudiced by the changes. Judge Ramczyk tampered with evidence and prejudiced the Plaintiffs rights by changing the complaint and by not keeping the original complaint in court file.

The current charges once again have changed; they consist of DWI 3rd, No Headlights and Suspended License. The Plaintiff has the evidence to prove that the

12. Plaintiff was arrested for DWI 4th, Revoked or Suspended Driver License, and Defective Equipment. These charges changed to DWI1st, Suspended Drivers License and the NO Headlights charge was dismissed. The charges are now DWI 3rd, No Headlights, and Suspended Driver License.

13. After being released from jail the first and second time, Plaintiff sought medical treatment for his injuries. and is currently seeing Dr. Connelly for his Mental Condition.

14. The John Doe Defendant Police Officers named in the complaint never came to the aid of Plaintiff when he was unlawfully arrested, beaten, or charged falsely in court. In the alternative, the John Doe Defendants assisted Defendants, Officer Jeffery Stone, Officer Kevin Todacheenie, in the unlawful actions named above knowing full well that the actions taken by Officers Stone and Todacheenie were unlawful and false

15. Internal Affairs for the Albuquerque Police Department did an investigation to the allegations and found that the Plaintiff, Vince Jimenez was not driving and that the Plaintiff was across the street from his vehicle. The Plaintiff sustained numerous blows to his body.

## COUNT 1- FOURTH AMENDMENT CLAIM UNDER TITLE 42 U.S.C. SECTION 1983 AND CLAIMS UNDER THE NEW MEXICO CONSTITUTION

16. Plaintiff, Jimenez, adopts and incorporates by reference all prior allegations of the Complaint as if set forth in full.

17. Plaintiff, Jimenez brings his Section 1983 Claim against Defendants Officer Stone, Officer Todacheenie, and Does in their individual capacity..

18. At all times material hereto, Defendants were acting under the color of the Law.

19. Plaintiff Jimenez has, and had a fourth amendment right to be free of the use of excessive force.

20. Defendants used excessive force against Plaintiff when they beat him with their clubs. The Defendants illegally seized the Plaintiff Jimenez, when they subjected him to a DWI investigation with out probable cause.

## COUNT 11 – TORT CLAIMS

21. Plaintiff incorporates herein all prior allegations as if stated herein.

22. Under the facts as previously alleged, Defendants' excessive and unnecessary use of force against the Plaintiff constituted batter, unlawful arrests constitutes kidnapping, seizing Plaintiff's vehicle constitutes auto theft, selling Plaintiff's vehicle constitutes receiving and transferring stole vehicle writing false police reports, constitutes perjury, and fraud under state law

23. Defendants, City of Albuquerque, and City of Albuquerque Police Department are liable under the theory of Respondeat Superior for the Battery committed by Defendants, Stone, Todacheenie and any Defendant Does.

## DAMAGES

24. The conduct of Defendant, as alleged herein, renders them liable for

damages to Plaintiff in an amount to be established at the trial of this matter, for personal injuries, bodily injuries and other damages resulting for deprivation of rights, privileges and immunities secured by the Constitution and Laws of the United States and the State of New Mexico

25. The conduct of the Defendants Officer Stone, Officer Todacheenie, and any defendants Doe, as alleged herein, was a direct and proximate cause of injuries and damages to plaintiff as alleged herein.

26. As a direct and proximate result of the wrongful and unlawful actions of Defendants as alleged herein, Plaintiff is entitled to recover damages for his physical pain and suffering, fear, anxiety, mental and emotional distress in an amount to be determined at the trial in the matter

27. Because of the aggravated nature of the conduct of Defendants as alleged herein which conduct was malicious, willful, wanton, reckless, oppressive, grossly negligent, and/or done with utter disregard for the rights of Plaintiff, Jimenez. Plaintiff is entitled to recover an award of punitive and exemplary damages against Defendants, to punish them and to deter others from acting in a similar manner in the future.

28. Plaintiff is also entitled to recover from Defendant his costs of action herein, as well as pre and post-judgment interest, any attorney fees allowed pursuant to 42 U.S.C. Section 1988, and such other and further relief as the court may deem just and proper under the circumstances.

## **PRAYER FOR RELIEF**

**Wherefore**, Plaintiff respectfully prays that judgment be entered in his favor for both compensatory and punitive damages against the Defendants as alleged herein, in amounts to be proven at the time of trial to justify and fully compensate him for all injuries and damages for pre-judgment interest, for any attorney's fees, for his costs and expenses in bringing this action, and for other and further relief as this Court may deem just and proper.

Respectfully submitted,

Vincent P. Jimenez, Pro Se.
P.O. Box 331,
Clayton, New Mexico 88415
(575) 374-2483, (505) 414-6384