UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**VINCENT P. JIMENEZ**,

    Plaintiff,

v.                                                                                                      Cause No. 1:11-cv-707 WJ/DJS

**OFFICER JEFFERY STONE,**
**OFFICER KEVIN TODACHEENIE,**
**OFFICER SARGENT LUNA,**
**THE CITY OF ALBUQUERQUE,**
**THE CITY OF ALBUQUERQUE POLICE**
**DEPARTMENT,**
**METROPOLITAN DETENTION CENTER,**
**CAPTAIN CANDELARIA, JUDGE**
**RAMCZYK, and JOHN DOES 1–9,**

    Defendants.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS**
**AND RECOMMENDED DISPOSITION**[1]

This matter is before the Court *sua sponte* under 28 U.S.C. § 1915(a)(1), (e)(2) and Fed.R.Civ.P. 12(b)(6), on Plaintiff's pro se Complaint for Damages for Personal Injuries and Civil Rights Violations [Doc. 1] ("Complaint"), and pursuant to an order of reference from the District Judge [Doc. 4]. For the reasons stated below, the Court recommends: (1) the *Application to Proceed in District Court Without Prepaying Fees or Costs* ("Motion for IFP") [Doc. 3] be granted; (2) all claims against Defendants City of Albuquerque, City of Albuquerque Police Department, Metropolitan Detention Center, Captain Candelaria, and Judge Ramczyk be dismissed; and (3) notice and waiver of service forms be issued for Defendants Officer Jeffery Stone, Officer Kevin

---

[1] Within fourteen (14) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the analysis and recommendation. If no objections are filed, no appellate review will be allowed.

Todacheenie, and Officer Sargent Luna.

## I.   BACKGROUND

Plaintiff pro se Vincent P. Jimenez alleges his civil rights were violated in connection with an arrest and criminal proceedings in state court.  The allegations below are taken from the Complaint and the Court accepts them as true for purposes of screening the Complaint under 28 U.S.C. § 1915(e).

The Complaint alleges Mr. Jimenez was at his neighbor's house on August 12, 2009, when he was approached by Defendant Officer Jeffery Stone.  [Doc. 1 at 3.]  Officer Stone inquired whether the boats parked in front of Mr. Jimenez's house were for sale.  When Mr. Jimenez informed him the boats were not for sale, Officer Stone stated he had received a complaint the previous night that a vehicle matching Mr. Jimenez's was seen driving erratically around the neighborhood.  Mr. Jimenez denied that he had been driving the previous night and asked Officer Stone to leave.  Officer Stone then allegedly handcuffed Mr. Jimenez and began to beat him on the back with a club.  Mr. Jimenez allegedly suffered a broken nose and two black eyes.  [Id. at 3–4.]

Mr. Jimenez was cited for "DWI, Defective Equipment, and Suspended or Revoked Drivers License" and taken to the Alvarado Police Substation where Officers allegedly forced Mr. Jimenez to gargle with antiseptic containing alcohol and then take a breath analyzer test.  Mr. Jimenez was charged with a fourth DWI, taken to the Metropolitan Detention Center for booking, and his vehicle was seized and sold at auction.  [Doc. 1 at 5–6.]

Mr. Jimenez was eventually released.  On August 13, 2010, he went to Metropolitan Court to check on the status of his case.  While there, he was arrested.  He was arraigned before Defendant Judge Ramczyk on a criminal complaint written by Defendant Officer Todacheenie, which stated that Mr. Jimenez had crashed into Officer Stone's vehicle and that the incident constituted a fourth

DWI. Mr. Jimenez denied that he had been driving and further stated he had no prior DWIs. [Doc. 1 at 6–8.]

Judge Ramczyk dismissed the "No Headlight Charge" and reduced some of the other charges. Mr. Jimenez was returned to jail for ten days. Upon his release, Mr. Jimenez went to check his file and found that one of the criminal complaints was missing from the file and that the tape of the Bond Arraignment had been "tampered with." Mr. Jimenez further alleges that an Internal Affairs investigation into his case determined that he was not driving when Officer Stone arrested him. [Doc. 1 at 8–9.]

Mr. Jimenez alleges he was falsely charged and that he suffered numerous physical injuries from the beating allegedly administered by Officer Stone. He also claims he is currently receiving treatment for a "Mental Condition." [Doc. 1 at 7, 9.]

## II.   LEGAL STANDARDS

### A.   Standards applicable to Motion for IFP

Mr. Jimenez has moved to proceed IFP. A litigant may proceed IFP if he files a financial affidavit that indicates he is "unable to pay such fees or give security therefore." 28 U.S.C. § 1915. A person need not be "absolutely destitute" to enjoy the benefits of the IFP statute, but may be granted IFP status if he cannot pay the cost of suit and still be able to provide himself and his dependents with the necessities of life. *See Adkins v. E.I. DuPont DeNemours & Co.*, 335 U.S. 331, 339 (1948) (interanal quotation marks omitted).

Notwithstanding the payment of any portion of the filing fee, the Court has the obligation to screen an in forma pauperis complaint and the discretion to dismiss it *sua sponte* "at any time if the court determines that...the action...(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from

such relief." 28 U.S.C. § 1915(e)(2)(B); *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005) (stating court is obliged to screen case in which plaintiff seeks leave to proceed in forma pauperis). The Court also may dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Okla. Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991)).

### B.  Standards applicable to pro se pleadings

In reviewing a pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520–21 (10th Cir. 1992). This principle means "that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall,* 935 F.2d at 1110.

The broad reading afforded a pro se complaint, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110. A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court "will not supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989). Furthermore, the Court may not assume the role of advocate for the pro se litigant. *See Hall*, 935 F.2d at 1110.

### III.  ANALYSIS

### A. Financial eligibility

The Motion for IFP states Mr. Jimenez receives income of $250 per month from self-employment, $245 per month in public assistance, and $169 in food stamps. [Doc. 3 at 1, 2.] His rent is $150 per month and his utilities, home maintenance and other expenses total an additional $85 per month. [Id. at 4.] He has no other assets and one dependent, age 14. [Id. at 3.] He states he owes alimony of $300 per month, but is unable to pay it. [Id. at 4.]

Based on the information in the Motion for IFP, the Court finds he is unable to pre-pay the filing fee of $350. The Court therefore concludes Mr. Jimenez should be granted leave to proceed in forma pauperis.

### B. Screening

Mr. Jimenez names eight Defendants: Officer Jeffery Stone, Officer Kevin Todacheenie, Officer Sargent Luna, the City of Albuquerque, the City of Albuquerque Police Department, Metropolitan Detention Center, Captain Candelaria, and Judge Ramczyk. For the reasons stated below, the Court concludes that the following five defendants should be dismissed.

#### 1. The City of Albuquerque

The Complaint fails to state a claim against the City of Albuquerque. Local government units can be held liable for civil rights violations under 42 U.S.C. § 1983, but liability cannot be premised on the doctrine of *respondeat superior*. *Monell v. Dept. of Soc. Svcs.*, 436 U.S. 658, 6910 (1978). In other words, a municipality cannot be held liable merely because it employs a tortfeasor "unless action pursuant to official municipal policy of some nature cause a constitutional tort." *Id.*

Mr. Jimenez seeks to impose liability on the City of Albuquerque on a theory of *respondeat superior*. [Doc. 1 at 10.] He makes no allegations of any policy or custom or any other factual matter against the City of Albuquerque and the Court accordingly concludes the claims against this

defendant should be dismissed.

### 2.     The City of Albuquerque Police Department

A municipal police department cannot be held separately liable in an action under § 1983. *See Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (dismissing § 1983 claims against City of Denver Police Department because it is not a separately suable entity).  The Court concludes the City of Albuquerque Police Department is not a proper defendant and should be dismissed.

### 3.     Metropolitan Detention Center

The Metropolitan Detention Center should be dismissed because "state-operated detention facilities do not have a separate legal identity from the state, and therefore are not 'persons' who have the capacity to be sued under § 1983." *Buchanan v. Okla.*, 398 F.App'x 339, 342 (10th Cir. 2010)(unpublished)(citation omitted).  Furthermore, the Complaint is devoid of allegations regarding the Metropolitan Detention Center, other than that Mr. Jimenez was taken there for booking.  [Doc. 1 at 5.]  The Court therefore concludes the Metropolitan Detention Center should be dismissed.

### 4.     Captain Candelaria

The Complaint names "Captain Candelaria" but contains no allegations regarding this individual.  The Court concludes Captain Candelaria should be dismissed.

### 5.     Judge Ramczyk

Mr. Jimenez makes allegations against the state court judge who arraigned him on a DWI charge.  The Complaint alleges Judge Ramczyk arraigned Mr. Jimenez, informed him of the charges, read the criminal complaint to him, and placed the complaint on the monitor so he could see it. [Doc. 1 at 6.]  The Complaint further alleges that Judge Ramczyk dismissed one of the charges at the arraignment, but failed to retain the original complaint in the court file.  The Complaint further

alleges that parts of the recording of the bond arraignment have been "stepped on." [Doc. 1 at 8.] Mr. Jimenez characterizes these allegations as tampering with evidence. [Id.]

A judge is entitled to judicial immunity if he has not acted in clear absence of all jurisdiction and if the act was a judicial one. *Stump v. Sparkman*, 435 U.S. 349, 357–59 (1978). An act is judicial if it is a function normally performed by a judge and the parties dealt with the judge in his judicial capacity. *Id.* at 362. Judicial immunity applies even if the action was taken in error, done maliciously, was in excess of the judge's authority, or flawed by the commission of grave procedural errors. *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000).

Arraigning criminal defendants is a judicial function. *See Moore v. Russell*, No. 93-7431, 1993 WL 456423, at *1 (5th Cir. Oct. 29, 1993)(citing *Mireles v. Waco*, 502 U.S. 9, 12 (1991) (holding that an act is judicial in nature when it is normally performed by a judge)). Maintaining court files and filing court documents is a quasi-judicial function protected by judicial immunity. *See Coleman v. Farnsworth*, 90 F.App'x 313, 317 (10th Cir. 2004)(unpublished) (holding that court clerks have unfettered discretion in receiving complaints regardless of procedural error, motive or good faith). Thus, Judge Ramczyk is entitled to judicial immunity in connection with these activities even if procedural errors occurred.

The Complaint alleges no facts that could overcome judicial immunity. The Court therefore concludes Judge Ramczyk is immune from liability for errors allegedly committed in connection with the arraignment proceedings and the documents contained in the court's file.

## IV.     CONCLUSIONS and RECOMMENDED DISPOSITION

The Court concludes, based on the information he provided, that Mr. Jimenez is unable to pre-pay the filing fee. The Court therefore recommends the Motion for IFP [Doc. 3] be granted.

The Court further concludes that the Complaint fails to state a claim against the City of

Albuquerque, the Metropolitan Detention Center, and Captain Candelaria. The Court also concludes Judge Ramczyk is immune and the City of Albuquerque Police Department is not a proper defendant. The Court therefore recommends these defendants be dismissed.

The Court further recommends that the Clerk be directed to issue notice and waiver of service forms for the remaining three defendants: Officer Jeffery Stone, Officer Kevin Todacheenie, and Officer Sargent Luna.

_____
**DON J. SVET**
**United States Magistrate Judge**