## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**VINCENT P. JIMENEZ,**

      **Plaintiff,**

**v.**                                         **No. 11-cv-0707 WJ/SMV**

**JEFFREY STONE,**
**KEVIN TODACHEENIE, and**
**CITY OF ALBUQUERQUE,**

      **Defendants.**

## ORDER IMPOSING SANCTIONS AND
## REQUIRING PLAINTIFF TO SERVE INITIAL DISCLOSURES

THIS MATTER is before the Court *sua sponte*.  Because Plaintiff has failed to produce his initial disclosures in violation of the Court's Orders, the Federal Rules of Civil Procedure, and the Local Rules, the Court will impose sanctions on Plaintiff in the amount of $100, to be paid within 14 days of entry of this Order.  The Court will also order Plaintiff to serve his initial disclosures within 14 days of entry of this Order.

### Background

The parties were originally ordered to produce their initial disclosures no later than October 9, 2012.  Initial Scheduling Order [Doc. 27] at 2.  By the Rule 16 Scheduling Conference on October 16, 2012, neither party had done so.  Clerk's Minutes [Doc. 32] at 1. The Court explained to Plaintiff at the Scheduling Conference that initial disclosures are governed by Fed. R. Civ. P. 26 and D.N.M.LR-Civ. 26.3, and directed him to review the Local Rules.  *Id.* at 1–2.  The Court ordered Defendants to produce their initial disclosures by October

19, 2012, and they did so.  *See id.* at 2[1]; Certificate of Service [Doc. 36].  The Court ordered Plaintiff to produce his initial disclosures no later than October 31, 2012, Clerk's Minutes [Doc. 32] at 1–2, but he did not comply, Defendants' Motion to Compel [Doc. 38].

Plaintiff had still not produced his initial disclosures by November 13, 2012, and Defendants filed a Motion to Compel.  Defendants' Motion to Compel [Doc. 38] at 2.  The Court granted the Motion and again ordered Plaintiff to produce his initial disclosures, this time, no later than December 18, 2012.  Order Granting Motion to Compel . . . [Doc. 39] at 2.  The Order also admonished Plaintiff that failure to comply could result in sanctions up to and including dismissal of his case.  *Id.* at 2.

On December 19, 2012, the Court held a telephonic hearing.  Clerk's Minutes [Doc. 44] at 1.  Plaintiff had still not produced his initial disclosures by the hearing, nor had he looked at Fed. R. Civ. P. 26.  *Id.*  The Court directed Plaintiff to read Fed. R. Civ. P. 26.  *Id.*  The Court informed Plaintiff that his duties for initial disclosures go beyond sending medical records in his possession, and that the Rule outlines specific information and materials that must be produced. *Id.*  The Court repeated its warning that if Plaintiff failed to comply with the Rules and the Court's orders, and if he failed to produce his initial disclosures, he would be subject to sanctions including monetary sanctions.  *Id.* at 2; Order [Doc. 46] at 2.  For the fourth time, the Court set a deadline—January 31, 2013—by which Plaintiff was to produce his initial disclosures.  Clerk's Minutes [Doc. 44] at 2; Order [Doc. 46] at 2.  Plaintiff did not comply with this fourth deadline. Clerk's Minutes [Doc. 55] at 3.

---

[1]   The Clerk's Minutes erroneously list Defendants' deadline as September 19, 2012, rather than the actual deadline of October 19, 2012.

On March 20, 2013, the Court held another hearing. *Id.* at 1. Counsel for Defendants stated that she had not yet received Plaintiff's initial disclosures. *Id.* at 3. Plaintiff contended that he had served his initial disclosures. *Id.* The Court ordered Plaintiff to fax to the Court a copy of the "initial disclosures" that he had served on Defendants. *Id.* On March 21, 2013, Plaintiff faxed a three-page document to the Court. *See* Exhibit A at 1. The document comprised a cover letter and two authorization forms: one allowing Defendants to obtain documents from the "Public Defender's Office in Albuquerque," and the other allowing Defendants to obtain documents from the "Probation Office in Albuquerque." *Id.* at 1–3. Plaintiff explained in his document that his Public Defender's file contains "the breath analyzer results, a color photo of the booking[,] and [d]epositions that contain a different scenario from the police." *Id.* at 1. He also explained that his Probation Office file contains counseling records that Defendant City of Albuquerque requested. *Id.* The fax contained nothing further. The document did not comply with Rule 26(a)(1)(A) governing initial disclosures.

### Standard

Fed. R. Civ. P. 26(a)(1)(A) sets forth a list of what documents and materials a party must serve on another as part of his initial disclosures. Without awaiting a discovery request, a party must provide to the other parties:

> (i)  the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (ii)  a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

(iii)  a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

(iv)  for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Fed. R. Civ. P. 26(a)(1)(A)(i)–(iv).

Moreover, in cases where physical, mental, or emotional injury claims are at issue, the Local Rules place specific disclosure obligations on a plaintiff.  The plaintiff must disclose each and every health care provider whom he has seen in the preceding five years, along with the provider's name, address, and telephone number.  D.N.M.LR-Civ. 26.3(d)(1).  Any record of such provider already in the plaintiff's possession must be produced.  D.N.M.LR-Civ. 26.3(d)(2).  The plaintiff must also execute authorization forms to release medical records for each such provider.  D.N.M.LR-Civ. 26.3(d)(3)

Finally, "[i]f a party . . . fails to obey an order to provide or permit discovery," Fed. R. Civ. P. 37(b)(2)(A) allows courts to "issue further just orders [for sanctions]."  The Rules notwithstanding, courts have inherent power to impose sanctions, including reasonable expenses and attorney's fees.  *E.g., Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991); *Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987) (courts have inherent power to impose sanctions "to deter frivolous and abusive litigation and promote justice and judicial efficiency").

## Analysis

Plaintiff has failed to comply with the Rules and the Court's orders regarding his initial disclosures. As a result of Plaintiff's failures to comply with the initial disclosure deadlines, the Court has had to order Plaintiff to produce his initial disclosures no fewer than *four* times. Although Plaintiff asserted that he sent "initial disclosures" to Defendants, the document, which Plaintiff faxed to the Court, does not come close to satisfying the requirements of Fed. R. Civ. P. 26(a)(1)(A) and D.N.M.LR-Civ. 26.3(d). Despite his contentions to the contrary, Plaintiff has clearly failed to serve initial disclosures as required by these Rules.

Moreover, Plaintiff's failures have arisen in the face of repeated instructions and warnings from the Court. No fewer than *three* times, the Court directed Plaintiff to the pertinent Rules that control initial disclosures. The Court has also explained twice to Plaintiff that merely providing medical authorization forms will not satisfy his obligation to make initial disclosures. Finally, on three occasions, once orally and twice in writing, the Court warned Plaintiff that failure to comply with the Rules or the Court's orders would result in sanctions, including monetary sanctions. Plaintiff has repeatedly failed to comply with the Court's orders. The Court finds, therefore, that a monetary sanction in the amount of $100 is appropriate.[2]

**IT IS THEREFORE ORDERED, ADJDUGED, AND DECREED** that Plaintiff is ordered to **pay $100 in sanctions** to the Clerk of the Court. Plaintiff shall pay the $100 **within 14 days of this Order**.

---

[2] The Court has considered Plaintiff's indigency in determining a just sanction. *See* Order Adopting Findings of Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 12] at 1–2; *see also* Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 3] (Plaintiff's in forma pauperis affidavit, in which Plaintiff certified that his monthly income totaled about $664).

**IT IS FURTHER ORDERED** that **within 14 days of this Order** Plaintiff should serve initial disclosures that fully comply with Fed. R. Civ. P. 26(a)(1)(A) and D.N.M.LR-Civ. 26.3(d).

**IT IS FURTHER ORDERED** that, to ensure compliance with this Order, Plaintiff is **required to file a certificate within 14 days of this Order** verifying that he has complied with his initial disclosure obligations and has paid the sanction directed by the Court. **Plaintiff is admonished that further failures to comply may result in imposition of additional sanctions, including dismissal of the litigation with prejudice**. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 920–21 (10th Cir. 1992).

**IT IS SO ORDERED**.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**