IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VINCENT P. JIMENEZ,

    Plaintiff,

v.                                                           No. 11-cv-0707 WJ/SMV

JEFFREY STONE,
KEVIN TODACHEENIE, and
CITY OF ALBUQUERQUE,

    Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION RECOMMENDING DISMISSAL

THIS MATTER is before me on the Order Imposing Sanctions and Requiring Plaintiff to Serve Initial Disclosures [Doc. 57], filed March 27, 2013, and on Defendants' Motion for Dismissal as a Sanction, [Doc. 58] ("Motion"), filed April 18, 2013. On April 30, 2013, Plaintiff filed a response to the Motion, Plaintiff's Objection . . . [Doc. 63] ("Response"), and on May 7, 2013, Defendants filed a reply, Defendants' Reply . . . [Doc. 67] ("Reply"). On April 19, 2013, the Honorable William P. Johnson, United States District Judge, referred this matter to me to recommend a disposition. Order of Reference of Motion in Civil Case [Doc. 59] at 1. I FIND that Plaintiff has repeatedly failed to comply with orders of this Court and the rules of procedure. I further FIND that such failures have caused prejudice to the Defendants, that such failures have interfered with the judicial process, that Plaintiff is culpable for his failures despite multiple warnings that such failures could result in dismissal of his case, and that lesser sanctions have not been effective. Accordingly, pursuant to Fed. R. Civ. P. 16(f), 37(b), and 41(b), I RECOMMEND that the Motion be GRANTED and that the case be DISMISSED with prejudice.

**Background**

The parties were originally ordered to produce their initial disclosures no later than October 9, 2012. Initial Scheduling Order [Doc. 27] at 2. By the Rule 16 Scheduling Conference on October 16, 2012, neither party had done so. Clerk's Minutes [Doc. 32] at 1. I explained to Plaintiff at the Scheduling Conference that initial disclosures are governed by Fed. R. Civ. P. 26 and D.N.M.LR-Civ. 26.3, and directed him to review the Local Rules. [Doc. 32] at 1–2. I ordered Defendants to produce their initial disclosures by October 19, 2012, and they did so. *See id.* at 2;[1] Certificate of Service [Doc. 36]. I ordered Plaintiff to produce his initial disclosures no later than October 31, 2012, Clerk's Minutes [Doc. 32] at 1–2, but he did not comply, Defendants' Motion to Compel [Doc. 38].

Plaintiff had still not produced his initial disclosures by November 13, 2012, and Defendants filed a Motion to Compel. Defendants' Motion to Compel [Doc. 38] at 2. I granted the Motion and again ordered Plaintiff to produce his initial disclosures, this time, no later than December 18, 2012. Order Granting Motion to Compel . . . [Doc. 39] at 2. I also admonished Plaintiff that failure to comply could result in sanctions up to and including dismissal of his case. *Id.* at 2.

On December 19, 2012, I held a telephonic hearing. Clerk's Minutes [Doc. 44] at 1. Plaintiff had still not produced his initial disclosures by the hearing, nor had he looked at Fed. R. Civ. P. 26. *Id.* I directed Plaintiff to read Fed. R. Civ. P. 26. *Id.* I then informed Plaintiff that his duties for initial disclosures go beyond sending medical records in his possession, and that the Rule outlines specific information and materials that must be produced. *Id.* I repeated my

---

[1] The Clerk's Minutes erroneously list Defendants' deadline as September 19, 2012, rather than the actual deadline of October 19, 2012.

warning that if Plaintiff failed to comply with the Rules and the Court's orders, and if he failed to produce his initial disclosures, he would be subject to sanctions including monetary sanctions. *Id.* at 2; Order [Doc. 46] at 2.  For the fourth time, I set a deadline—January 31, 2013—by which Plaintiff was to produce his initial disclosures.  Clerk's Minutes [Doc. 44] at 2; Order [Doc. 46] at 2.  Plaintiff did not comply with this fourth deadline.  Clerk's Minutes [Doc. 55] at 3.

On March 20, 2013, I held another telephonic hearing. *Id.* at 1.  Counsel for Defendants stated that she had not yet received Plaintiff's initial disclosures. *Id.* at 3.  Plaintiff contended that he had served his initial disclosures. *Id.*  I ordered Plaintiff to fax to my chambers a copy of the "initial disclosures" that he had served on Defendants. *Id.*  On March 21, 2013, Plaintiff faxed to my chambers a three-page document. *See* Exhibit A to Order Imposing Sanctions . . . [Doc. 57-1] at 1.  The document comprised a cover letter and two authorization forms: one allowing Defendants to obtain documents from the "Public Defender's Office in Albuquerque," and the other allowing Defendants to obtain documents from the "Probation Office in Albuquerque." *Id.* at 1–3.  Plaintiff explained in his document that his Public Defender's file contains "the breath analyzer results, a color photo of the booking[,] and [d]epositions that contain a different scenario from the police." *Id.* at 1.  He also explained that his Probation Office file contains counseling records that Defendant City of Albuquerque requested. *Id.*  The fax contained nothing further.  The document did not comply with Rule 26(a)(1)(A) governing initial disclosures.  Order Imposing Sanctions . . . [Doc. 57] at 5.

Consequently, on March 27, 2013, I issued an Order Imposing Sanctions and Requiring Plaintiff to Serve Initial Disclosures [Doc. 57].  I found that Plaintiff had failed to comply with orders to serve his initial disclosures, despite my repeated instructions to Plaintiff and warnings

of sanctions for failure to comply.  As a result, I imposed sanctions of $100 and—for the fifth time—ordered Plaintiff to serve his initial disclosures within 14 days of the filing of the Order. *Id.* at 5–6.  Plaintiff was also ordered to file by the same date a certificate signifying that he had both served his initial disclosures and paid the sanctions.  *Id.* at 6.  I warned that failure to comply might result in further sanctions, including dismissal with prejudice.  *Id.*

The time for Plaintiff to serve his initial disclosures and pay his sanctions passed, and Plaintiff did not file any certification on the record.  On April 18, 2013, Defendants filed the present Motion.  [Doc. 58].  Defendants did not receive Plaintiff's initial disclosures.  *Id.* at 2. Accordingly, Defendants request that the Court dismiss Plaintiff's Complaint with prejudice as a sanction for Plaintiff's repeated failures to follow the Court's orders relating to the initial disclosures.  *See id.* at 4–6 (discussing each of the five factors from *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992)[2]).

Since Defendants filed their Motion, Plaintiff has filed four documents that respond to Defendants' Motion and the Order Imposing Sanctions . . . [Doc. 57].  *See*  Plaintiff's Initial Disclosures and Sanctions [Doc. 60] (filed on April 26, 2013); two Certificates of Service [Docs. 61 and 62] (filed on April 30, 2013); and Response [Doc. 63] (filed April 30, 2013).  With regard to the sanctions, Plaintiff initially asserted that he himself paid the $100 sanctions, [Doc. 60] at 1, then subsequently certified that "on or about April 3rd[,] 2013, [his m]other Julia Marq1uez [sic] mailed a $100.00 dollar [sic] money order to the . . . Court. . . ." [Doc. 62] at 1.  However, in his Response, Plaintiff now asserts that he himself paid "the $100.00 sanction . . ., thou[gh he] did not meet the 14[-]day requirement for the certificate because [he] was incarcerated." [Doc. 63]

---

[2]  *Ehrenhaus* outlines five factors courts must evaluate when considering dismissal as a sanction.  *Ehrenhaus*, 965 F.2d at 920.  The Court discusses these factors *infra*, at 7–8.

at 1. Even by Plaintiff's own account, the sanctions were not timely paid. Despite his averments, the docket remains without any indication that the Court has received any payment towards the sanction. Therefore, based on Plaintiff's conflicting statements regarding the payment of the sanction and based on the absence of any docket entry reflecting receipt by the Court, I find that Plaintiff did not pay the sanctions.

As to his initial disclosures, Plaintiff describes a recent stop for driving while intoxicated, during which he says that police officers threw his documents relating to this case "into the air." Plaintiff's Initial Disclosures and Sanctions [Doc. 60] at 1. He seems to suggest that this relieves him of his duties to serve initial disclosures. *See id.* (Plaintiff was "unable to retrieve the paperwork that the City Attorney's office requested."). He subsequently certified that he mailed "one of the initial [d]isclosures to the City Attorney's Office," including a color booking photograph and a "breath analyzer," on April 29, 2013. Certificate of Service [Doc. 61]. Quizzically, Plaintiff also certified that he was "scheduled to go to Albuquerque to complete the Initial Disclosure[s the week of April 30, 2013. He] contacted the Agencies to find out why they haven't acknowledged [his] request and found out that they are stretched on manpower. [He]'ll go and lend them a hand." *Id.* Now, in his Response, Plaintiff repeats that he sent "the booking photo and the results of the jail breathe [sic] analyzer" to the City Attorney's office, and adds that he submitted some "releases for his counseling records" to the office as well. *Id.* at 1–2.

Defendants filed a Reply on April 7, 2013. Reply [Doc. 67]. They state that they still have not received initial disclosures from Plaintiff that comply with Fed. R. Civ. P. 26. *Id.* at 3−4 (Plaintiff only served his Initial Disclosures and Sanctions [Doc. 60], which Defendants argue does not meet the requirements for initial disclosures set forth in Fed. R. Civ. P. 26).

Defendants also argue that Plaintiff has not disputed that each of the five *Ehrenhaus* factors have been met. *Id.* at 4. Based on Defendants' statement that Plaintiff has failed to serve them with initial disclosures that comply with Fed. R. Civ. P. 26, and based on the deficient "initial disclosures" that Plaintiff has produced, *see* [Docs. 57-1 and 60], I find that Plaintiff has not served initial disclosures as required by Fed. R. Civ. P. 26.

## Discussion

Fed. R. Civ. P. 16(f) authorizes courts to impose sanctions, including dismissal, for a party's failure to obey a scheduling order. Fed. R. Civ. P. 37(b)(2)(A)(v) authorizes courts to dismiss an action "[i]f a party . . . fails to obey an order to provide or permit discovery . . . ." Similarly, Rule 41(b) authorizes dismissal "[i]f the plaintiff fails to prosecute or comply with [the] rules or a court order." Dismissal is a "drastic sanction that should be employed only as a last resort," *Davis v. Miller*, 571 F.3d 1058, 1061 (10th Cir. 2009), and it is "appropriate only in cases of willful misconduct," *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). In the spirit of liberally construing the submissions of a pro se litigant, *see Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998), courts should consider whether a sanction less than dismissal may be appropriate "so that the party does not unknowingly lose its right of access to the courts because of a technical violation." *Ehrenhaus*, 965 F.2d at 920 n.3. The Rules notwithstanding, courts have inherent power to impose sanctions, including reasonable expenses and attorney's fees. *E.g.*, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991); *Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987) (courts have inherent power to impose sanctions "to deter frivolous and abusive litigation and promote justice and judicial efficiency").

Before dismissing a case, however, a court should consider the factors set forth in *Ehrenhaus*. *See Ehrenhaus*, 965 F.2d at 921 (outlining factors courts must evaluate when considering dismissal as a sanction); *see also Gripe*, 312 F.3d at 1188 (applying the *Ehrenhaus* factors to dismissal under Rule 16(f)); *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2004) (applying the *Ehrenhaus* factors to dismissal under Rule 41(b)). "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Ehrenhaus*, 965 F.2d at 921 (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1521 n.7 (10th Cir. 1988)).

Here, Plaintiff's repeated failures to serve his initial disclosures and to comply with orders of this Court merit dismissal of his case. First, the failures have prejudiced Defendants. Without the initial disclosures, their ability to mount a defense has been hindered. Second, the failures have wasted judicial resources and stymied the progress of the case in that they have required the Court to intervene repeatedly. *See* Clerk's Minutes [Doc. 32]; Order Granting Motion to Compel . . . [Doc. 39]; Clerk's Minutes [Doc. 44]; Order [Doc. 46]; Clerk's Minutes [Doc. 55]; and Order Imposing Sanctions . . . [Doc. 57]. Third, Plaintiff is solely culpable for the failures. Despite being ordered *five* times to serve initial disclosures, and being directed to the pertinent rules on *five* separate occasions, he continues to fail to serve initial disclosures that comply. *See* Exhibit A to Order Imposing Sanctions . . . [Doc. 57-1] (Plaintiff's self-styled "initial disclosures," which fail to meet the requirements of Fed. R. Civ. P. 26(a)); Initial Disclosures and Sanctions [Doc. 60] (also fails to meet the requirements of Fed. R. Civ. P. 26(a)). Fourth, the failures continue even after repeated warnings that failure to comply could lead to dismissal of this case. *See* Order Granting Motion to Compel . . . [Doc. 39] at 2; Clerk's

Minutes [Doc. 44] at 2; Order [Doc. 46] at 2; Order [Doc. 48]; Clerk's Minutes [Doc. 55] at 3; and Order Imposing Sanctions . . . [Doc. 57] at 6.  Finally, the failures persist despite the Court's having imposed lesser sanctions to encourage Plaintiff to comply.  Order Imposing Sanctions . . . [Doc. 57] at 6 (imposing a fine of $100 to be paid to the Clerk of the Court for failure to serve initial disclosures).  That sanction was fruitless: Plaintiff has neither paid the fine nor complied with the Rules or any of the Court's orders requiring that he serve his initial disclosures.  There is no reason to believe that further lesser sanction would be effective.  The Court finds, therefore, that dismissal with prejudice is warranted in this case due to Plaintiff's failure to serve his initial disclosures as required by the Rules and the Court's orders.

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that Defendants' Motion for Dismissal as a Sanction [Doc. 58] be **GRANTED** and that this action be **DISMISSED with prejudice** pursuant to Federal Rules of Civil Procedure 16(f), 37(b), and 41(b), and the Court's inherent authority.

**IT IS FURTHER RECOMMENDED** that Plaintiff's other Motions, Motion to Add Defendant [Doc. 64] and Motion to Produce [Doc. 65], be **DENIED as moot**.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**