**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**VINCENT P. JIMENEZ,**

    **Plaintiff,**

v.                                                                                 **No. 11-cv-0707 WJ/SMV**

**JEFFREY STONE,**
**KEVIN TODACHEENIE, and**
**CITY OF ALBUQUERQUE,**

    **Defendants.**

## ORDER DENYING MOTION TO RECUSE

THIS MATTER is before the Court on Plaintiff's Motion to Recuse Judge Vidmar [Doc. 71] ("Motion"), filed on May 23, 2013. Defendants have not responded, and no response is necessary. After careful consideration of the pertinent law and the pleadings, I will deny Plaintiff's motion for the reasons stated below.

### Pertinent Legal Standards

The federal Code of Conduct for judges provides that a judge should perform the duties of the office impartially and diligently. Code of Conduct for United States Judges, Canon 3 (2009). This obligation imposes a responsibility on a judge to hear and decide matters assigned, unless the judge is disqualified from carrying out that responsibility. Just as a judge has this duty, he or she has a corresponding obligation to recuse in instances where there exists either a statutory responsibility to do so, or, alternatively, where the judge's impartiality might reasonably be questioned.

The Tenth Circuit Court of Appeals has explained that "disqualification [of a judge] is appropriate only where a reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality." *United States v. Mendoza*, 468 F.3d 1256, 1262 (10th Cir. 2006) (quoting *In re McCarthey*, 368 F.3d 1266, 1269 (10th Cir. 2004)).

There are two statutory provisions relating to a judge's disqualification: 28 U.S.C. § 144 and 28 U.S.C. § 455. I will address each standard.

### A.     28 U.S.C. § 144

Under 28 U.S.C. § 144, a judge is to recuse himself when "a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him, or in favor of any adverse party." An affidavit filed in accordance with § 144 is strictly construed against the affiant, and the moving party has a substantial burden in establishing the judge is not impartial. *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992). The § 144 affidavit must state the facts and reasons supporting the request, and must be filed in a timely manner. *See, e.g.*, *Hinman v. Rogers*, 831 F.2d 937, 938 (10th Cir. 1987) (motion to recuse must be filed promptly after the allegedly disqualifying facts are discovered and must state the identifying facts of time, place, persons, occasion, and circumstances).

Plaintiff's concerns about the undersigned Magistrate Judge stem from (1) an Order [Doc. 21] filed on April 24, 2012, denying Plaintiff's Motion to Compel, and (2) a telephonic Rule 16 scheduling conference conducted on October 15, 2012. Plaintiff filed his Motion to Recuse on May 23, 2013, more than a year after entry of the order in question, and more than

six months from the date of the scheduling conference. Thus, even if the Court were to liberally construe the motion as an "affidavit" under § 144, I conclude that it was untimely filed. *See Payne v. EEOC*, No. 00-2021, 242 F.3d 390, 2000 WL 1862659, at *2 (10th Cir. Dec. 20, 2000) (unpublished) ("[T]he party seeking recusal must act in a timely fashion to request recusal, and a recusal motion is considered untimely when the objecting party delays filing until interlocutory matters are adversely ruled upon." (citing *Singer v. Wadman*, 742 F.2d 606, 608 (10th Cir. 1984))). Thus, Plaintiff is not entitled to relief under 28 U.S.C. § 144.

B.  **28 U.S.C. § 455**

Title 28 U.S.C. § 455 requires a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The Tenth Circuit has held, "A judge has a continuing duty to recuse under § 455(a) if sufficient factual grounds exist to cause a reasonable, objective person, knowing all the relevant facts, to question the judge's impartiality." *United States v. Pearson*, 203 F.3d 1243, 1277 (10th Cir. 2000). Recusal under this section is required only if actual bias or prejudice is proved by compelling evidence. *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1025 (7th Cir. 2000). The standard for determining disqualification is not subjective, but rather whether a reasonable person would be concerned that the judge was biased. *Id*. Moreover, § 455(a) is "not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993). I now turn to Plaintiff's allegations regarding my conduct.

Plaintiff first asks me to recuse myself for the following reason:

> Judge Vidmar had informed Plaintiff Vincent P. Jimenez that he
> and Kristin J. Dalton, [a]ttorney for the Defendants[,] were

3

> acquaintances. Yet during one of the telephonic conferences Plaintiff Jimenez over heard [sic] Judge Vidmar explaining that he had met Kristin Dalton during a [c]onference and became friends. Plaintiff Vincent P. Jimenez believes that Judge Vidmar should have addressed the "Conflict of Interest Issue" and recused himself. An acquaintance is a person that you meet[,] not a person that you hang-out [sic] with at a [c]onference.

Motion [Doc. 71] at 1. These statements are false. At the Rule 16 Scheduling Conference, held on October 15, 2012, I discussed the procedures I require the parties to comply with prior to a settlement conference. *See* Clerk's Minutes [Doc. 32], filed on October 16, 2012. During that discussion, I asked Ms. Dalton if we had ever met. She responded that she was not sure, but that we might have met at a settlement conference in another case in the Fall of 2012. Recording of October 15, 2012 Telephonic Rule 16 Scheduling Conference at 2:37:50–2:38:04 (from Liberty recording for Doña Ana Courtroom). If that is the case, I do not remember it. If we did meet at a settlement conference, that would have been the only time we have ever met. Beyond that, and the telephonic hearings in this case, I have had no contact, professional or otherwise, with Ms. Dalton. This claim fails to establish bias or provide a basis for recusal. *See Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997) (rumor, speculation, or opinions do not suffice to show personal bias). Similarly, an affiant's "conclusions, . . . beliefs, and opinions are not sufficient to form a basis for disqualification." *Hinman*, 831 F.2d at 939.

Second, Plaintiff argues that I should recuse myself because I have "cancelled the two main motions that Plaintiff has in his preparation for trial." Motion [Doc. 71] at 1. I denied Plaintiff's Motion to Compel [Doc. 13], filed on February 21, 2012, because it sought to compel responses to discovery requests that were served prematurely, i.e., before a Rule 16 Scheduling Order had been entered. Order Denying Plaintiff's Motion to Compel [Doc. 21] at 1–2 (filed on

April 24, 2012). That is the only motion filed by Plaintiff that I have denied. Even if Plaintiff's allegations were true, adverse rulings do not constitute grounds for disqualification; rather, bias and prejudice must stem from an extrajudicial source. *American Ready Mix, Inc. v. Behles*, 14 F.3d 1497, 1501 (10th Cir. 1994); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) ("[A]dverse rulings cannot in themselves form the appropriate grounds for disqualification." (internal quotation marks omitted)).

The Court determines that Plaintiff's Motion should be denied because the Motion demonstrates nothing more than dissatisfaction with the Court's performance and rulings in this case. Plaintiff has failed to show any extrajudicial or personal bias that could compel disqualification.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Recuse Judge Vidmar [Doc. 71] is hereby **DENIED**.

**IT IS SO ORDERED**.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**