IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VINCENT P. JIMENEZ,

    Plaintiff,

v.   No. 11-cv-0707 WJ/SMV

JEFFREY STONE,
KEVIN TODACHEENIE, and
CITY OF ALBUQUERQUE,

    Defendants.

## ORDER OVERRULING OBJECTIONS, ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION, GRANTING MOTION TO DISMISS, AND DISMISSING CASE WITH PREJUDICE

THIS MATTER is before me on the Magistrate Judge's Proposed Findings and Recommended Disposition Recommending Dismissal [Doc. 69] (PF&RD), issued on May 8, 2013. Plaintiff objected on May 14, 2013. [Doc. 70]. The Court, having reviewed de novo the portions of the PF&RD to which Plaintiff objected, and having reviewed the briefing on the underlying Motion for Dismissal as a Sanction [Docs. 58, 63, 67], the entire record, and the relevant law, finds that dismissal is warranted. The objections should be overruled, the PF&RD should be adopted, the Motion for Dismissal should be granted, and the case should be dismissed with prejudice.

### Background

Plaintiff, who is proceeding pro se, filed his Complaint for Damages for Personal Injuries and Civil Rights Violations on August 11, 2011, arising from Defendant law enforcement agents' allegedly beating and falsely arresting Plaintiff. [Doc. 1]. After the Court dismissed

some of the claims sua sponte and after Plaintiff unsuccessfully appealed, the Honorable Stephan M. Vidmar, United States Magistrate Judge, was assigned to the case as the referral judge.  [Doc. 10].  Between October 9, 2012, and March 27, 2013, Judge Vidmar ordered Plaintiff to produce his initial disclosures on *five* separate occasions.  [Docs. 27, 32, 39, 46, 57].  Judge Vidmar repeatedly and specifically directed Plaintiff to the rules governing initial disclosures.  [Doc. 32] at 1–2; [Doc. 44] at 1; [Doc. 46] at 2; [Doc. 57] at 3–4.  He also warned Plaintiff that sanctions could be imposed—including dismissal of the case—if he failed to follow the Court's orders and the rules of procedure, including to produce initial disclosures in compliance with Rule 26.  [Doc. 39] at 2; [Doc. 44] at 2; [Doc. 46] at 2; [Doc. 57] at 5–6.

On March 27, 2013, Judge Vidmar ordered Plaintiff to pay $100 to the Clerk of the Court as a sanction for repeatedly failing to comply with the rules and the Court's orders regarding initial disclosures.  [Doc. 57] at 2–3.  He also ordered Plaintiff to serve initial disclosures that complied with the rules within 14 days.  *Id.* at 3.  The 14 days came and went.  Plaintiff filed nothing on the record, and the Court's financial department recorded no receipt of payment.  Not surprisingly, on April 18, 2013, Defendants filed a Motion for Dismissal as a Sanction.  [Doc. 58].  Defendants still had not received Plaintiff's initial disclosures.  *Id.* at 2.  The Court referred the Motion for Dismissal to Judge Vidmar for analysis and recommended disposition.  [Doc. 59].

Since Defendants filed their Motion, Plaintiff submitted seven filings, none of which reasonably indicates that Plaintiff produced adequate initial disclosures or paid the $100 sanction.  *See* [Docs. 60, 61, 62, 63, 64, 65, 66].  For example, Plaintiff reported on April 26, 2013, that he "would be going to Albuquerque to get the rest of the evidence that [Defendants]

requested[.]" [Doc. 60]. On April 29, 2013, he reported that he mailed a booking photo and "breath analyzer" to Defendants on April 29, 2013, and that, in the future, he would travel to Albuquerque to "complete the Initial Disclosures." [Doc. 61] at 1. With regard to the sanctions, Plaintiff initially asserted that he himself paid the $100 sanction, [Doc. 60] at 1, then subsequently certified that "on or about April 3rd[,] 2013, [his m]other Julia Marq1uez [sic] mailed a $100.00 dollar [sic] money order to the . . . Court. . . ." [Doc. 62] at 1. However, later, Plaintiff asserted that he himself paid "the $100.00 sanction . . ., thou[gh he] did not meet the 14[-]day requirement for the certificate because [he] was incarcerated." [Doc. 63] at 1. Despite his averments, the docket remains without any indication that the Court has received any payment towards the sanction. Plaintiff also filed a motion to add a new defendant, [Doc. 64], a motion "to produce," asking that Defendants provide him with an internal affairs investigation report, [Doc. 65], and a certificate of service for discovery requests, [Doc. 66].

Judge Vidmar issued his PF&RD on May 8, 2013. [Doc. 69]. He found that Plaintiff had repeatedly failed to follow the rules and the Court's orders and had *still* failed to produce initial disclosures that complied with Rule 26. *Id.* at 7. Applying the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992), he found that dismissal was warranted. [Doc. 69] at 7. He found that Plaintiff's failures had prejudiced Defendants because the lack of initial disclosures hindered their ability to mount a defense. [Doc. 69] at 7. Second, he found that failures had wasted judicial resources and stymied the progress of the case, requiring the Court to repeatedly intervene. *Id.* Next, he found that Plaintiff alone was culpable for the failures, despite being directed to the relevant rules on at least *five* occasions. *Id.* Fourth, Judge Vidmar found that Plaintiff had still failed to serve initial disclosures that complied with

Rule 26, even after multiple warnings that his failure to do so could lead to dismissal of his case. *Id.* at 7–8.  Lastly, he found that monetary sanctions were not effective in securing compliance because even though Plaintiff had been ordered to pay $100, he still failed to serve adequate initial disclosures. *Id.* at 8.

### Standard of Review for Objections to Magistrate Judge's Recommendations

A district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which is objection is made." 28 U.S.C. § 636(b)(1). "[O]bjections to the magistrate judge's report must be both timely and specific to preserve an issue for de novo review by the district court[.]" *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

### Plaintiff's Objections to the PF&RD

Plaintiff objected to the PF&RD on May 14, 2013.  [Doc. 70].  Plaintiff first objects because he says that Judge Vidmar denied his request to order the Defendants to produce an internal affairs investigation report; he says that he "asked Judge Vidmar to issue the Motions [sic] again[,] but nothing has occurred." *Id.* at 1–2.  Second, Plaintiff outlines the materials that he has provided to Defendants thus far and appears to argue that they constitute adequate initial disclosures. *Id.* at 2.  Next, Plaintiff seems to argue that his failures should be excused because he was involved in a serious automobile accident on January 23, 2013, in which he broke his back, ribs, and shoulder blade, and because the arresting officers allegedly threw his paperwork for this case into "the field." *Id.* at 1.  Fourth, Plaintiff insists that he did pay the $100 sanction and did file his certificate of service of the payment. *Id.*  Finally, Plaintiff asks that

Judge Vidmar recuse himself from the case,[1] *id.* at 2, and that the Court press charges for tampering with evidence against the officers who arrested him, *id.* at 1.

On de novo review, the Court will overrule Plaintiff's objections. First, Plaintiff appears to reference a motion to compel that he filed on February 21, 2012, [Doc. 13], which Judge Vidmar denied on April 24, 2012, [Doc. 21]. The motion had been filed prior to the Rule 26(f) "meet and confer" session and, thus, was premature. [Doc. 21]. When Plaintiff asked about the motion at a status conference on December 20, 2012, Judge Vidmar reminded him that it had been denied as premature and explained how such a motion could be properly re-filed. [Doc. 44] at 2. However, Plaintiff did not re-filed the motion until May 3, 2013, after Defendants' Motion for Dismissal as a Sanction had been filed.[2] Nevertheless, Plaintiff's motion to compel is irrelevant as to whether Plaintiff has served adequate initial disclosures, has complied with the sanction imposed, or whether he should be further sanctioned. Therefore, the first objection is overruled.

Next, Plaintiff describes the materials that he has produced to Defendants. [Doc. 2] at 2. Impliedly, Plaintiff argues that he *has* produced adequate initial disclosures. The Court disagrees. After reviewing Plaintiff's description as well as the materials that he contends constitute his initial disclosures, [Doc. 57-1], the Court finds that the materials do not comply with Fed. R. Civ. P. 26. Therefore, the objection is overruled.

Plaintiff also seems to argue that his failure to provide initial disclosures that comply with the federal rules should be excused because he was involved in a car accident on January 23,

---

[1] Plaintiff alleges that he heard Judge Vidmar speak to defense counsel and that they are friends. He concludes, *ipso facto*, that this is "prejudicial to the proceeding and allowing a bias decision to adhere." [Doc. 70] at 2.
[2] Moreover, the motion does not comply with Judge Vidmar's instructions for re-filing or the rules because it does not indicate that the information was first sought through discovery or that Plaintiff had otherwise complied with Fed. R. Civ. P. 34 or 37.

5

2013, and because the police officers who arrested him that day for driving while intoxicated allegedly threw his legal papers for his case into a field. [Doc. 70] at 1. The Court is not persuaded. Even if everything that Plaintiff alleges were true, there would still be no explanation for Plaintiff's three failures to produce the initial disclosures prior to the accident, [Docs. 32, 39, 46], or since [Docs. 57, 69]. Thus, the objection is overruled.

Plaintiff asserts that he did pay the $100 sanction imposed by Judge Vidmar for failing to produce initial disclosures and for failing to comply with the rules and Court orders. [Doc. 70] at 1. The evidence of record, however, belies Plaintiff's assertion. Plaintiff's own filings on the matter contradict each other. *Compare* [Doc. 60] at 2 (Plaintiff averring that he himself mailed the payment), *with* [Doc. 62] at 1 (Plaintiff averring that his mother mailed the payment), *and* [Doc. 63] at 1 (Plaintiff averring that he himself mailed the payment but acknowledging that the certificate of service was untimely filed because he was incarcerated), *and* [Doc. 70] at 1 (same). Moreover, there is no entry from the Court's financial department indicating that a payment was received. Therefore, the Court is not convinced that Plaintiff paid the sanction. Importantly, however, even assuming *arguendo* that Plaintiff had paid the sanction, dismissal would still be warranted because Plaintiff has failed to produce proper initial disclosures. The purpose of the sanction was to encourage Plaintiff to comply with the rules and with Court orders to produce adequate initial disclosures. The sanction—whether paid or not—was not effective. The objection is overruled.

Lastly, the Court will deny Plaintiff's request to press charges against the arresting officers because such relief is beyond the scope of this action. Additionally, the Court also finds that Judge Vidmar's recusal is not necessary in this case because Plaintiff has submitted no

6

affidavit and because the facts on which he bases his request are wholly inadequate. *See* 28 U.S.C. §§ 144, 455 (statutes regarding bias of judge and disqualification); *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987) ("Conclusions, . . . beliefs, and opinions are not sufficient to form the basis for disqualification."). Accordingly, these requests are denied.

## **Standard for Dismissal as a Sanction**

Fed. R. Civ. P. 16(f) authorizes courts to impose sanctions, including dismissal, for a party's failure to obey a scheduling order. Fed. R. Civ. P. 37(b)(2)(A)(v) authorizes courts to dismiss an action "[i]f a party . . . fails to obey an order to provide or permit discovery . . . ." Similarly, Rule 41(b) authorizes dismissal "[i]f the plaintiff fails to prosecute or comply with [the] rules or a court order." Dismissal is a "drastic sanction that should be employed only as a last resort," *Davis v. Miller*, 571 F.3d 1058, 1061 (10th Cir. 2009), and it is "appropriate only in cases of willful misconduct," *Ehrenhaus*, 965 F.2d at 920. In the spirit of liberally construing the submissions of a pro se litigant, *see Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998), courts should consider whether a sanction less than dismissal may be appropriate "so that the party does not unknowingly lose its right of access to the courts because of a technical violation." *Ehrenhaus*, 965 F.2d at 920 n.3. The Rules notwithstanding, courts have inherent power to impose sanctions, including reasonable expenses and attorney's fees. *E.g.*, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991); *Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987) (courts have inherent power to impose sanctions "to deter frivolous and abusive litigation and promote justice and judicial efficiency").

Before dismissing a case, however, a court should consider the factors set forth in *Ehrenhaus*. *See Ehrenhaus*, 965 F.2d at 921 (outlining factors courts must evaluate when

considering dismissal as a sanction); *see also Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002) (applying the *Ehrenhaus* factors to dismissal under Rule 16(f)); *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2004) (applying the *Ehrenhaus* factors to dismissal under Rule 41(b)). "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Ehrenhaus*, 965 F.2d at 921 (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1521 n.7 (10th Cir. 1988)).

Here, Plaintiff's repeated failures to serve his initial disclosures and to comply with orders of this Court merit dismissal of his case. First, the failures have prejudiced Defendants. Without the initial disclosures, their ability to mount a defense has been hindered. Second, the failures have wasted judicial resources and stymied the progress of the case in that they have required the Court to intervene repeatedly. *See* [Doc. 32, 39, 44, 46, 55, 57, 69]. Third, Plaintiff is solely culpable for the failures. Despite being ordered *five* times to serve initial disclosures, and being directed to the pertinent rules on *five* separate occasions, he continues to fail to serve initial disclosures that comply. *See* [Doc. 57-1] (Plaintiff's self-styled "initial disclosures," which fail to meet the requirements of Fed. R. Civ. P. 26(a)); Initial Disclosures and Sanctions [Doc. 60] (also fails to meet the requirements of Fed. R. Civ. P. 26(a)). Fourth, the failures continue even after repeated warnings that failure to comply could lead to dismissal of this case. *See* [Doc. 39] at 2; [Doc. 44] at 2; [Doc. 46] at 2; [Doc. 48]; [Doc. 55] at 3; and [Doc. 57] at 6. Finally, the failures persist despite the magistrate judge's having imposed lesser sanctions to encourage Plaintiff to comply. [Doc. 57] at 6. That sanction was fruitless: Plaintiff has neither paid the fine nor complied with the Rules or any of the Court's orders requiring that he serve his

initial disclosures.  There is no reason to believe that further lesser sanction would be effective. The Court finds, therefore, that dismissal with prejudice is warranted in this case due to Plaintiff's failure to serve his initial disclosures as required by the Rules and the Court's orders.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that

(1) Plaintiff's Objection[s] to the Magistrate Judge's Proposed Findings and Recommended Disposition Recommending Dismissal [Doc. 70] are **OVERRULED**;

(2) The Magistrate Judge's Proposed Findings and Recommended Disposition Recommending Dismissal [Doc. 69] are **ADOPTED**;

(3) Defendants' Motion for Dismissal as a Sanction [Doc. 58] is **GRANTED**; and

(4) This action is **DISMISSED with prejudice** pursuant to Federal Rules of Civil Procedure 16(f), 37(b), and 41(b), and the Court's inherent authority

**IT IS FURTHER ORDERED** that Plaintiff's other Motions, Motion to Add Defendant [Doc. 64] and Motion to Produce [Doc. 65], are **DENIED as moot**.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**